# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RODNEY BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:18CV00389 HEA |
| | ) |
| DONALD J. TRUMP, THE CITY OF ST. LOUIS, MATTHEW BOETTIGHEIMER JOSEPH STEIGER, STEVEN KORTE, PHIL HARDEN and JOHN DOES 1-3, | ) ) ) ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

Plaintiff Rodney Brown ("Brown") filed this action claiming that Defendants violated his constitutional rights under 42 U.S.C §1983 in addition to Missouri state law violations. The matter is before the Court on Motions to Dismiss made by three Defendants: the City of St. Louis [Doc. No. 27], Defendants Matthew Boettigheimer, Joseph Steiger, Steven Korte, and Phil Harden (collectively referred herein as "Defendant Officers"), collectively [Doc. No. 29], and Donald J. Trump [Doc. No. 40]. Defendant City of St. Louis moves to dismiss Count V of Plaintiff's First Amended Complaint ("FAC"). Defendants Boettigheimer, Steiger, Korte, and Harden all move to dismiss Count III of the FAC. Defendant Trump moves for a full dismissal of all counts against him.

Plaintiff opposes the Motions. For the reasons set forth below, the Motion to Dismiss by the Defendant Officers is granted, the Motion to Dismiss by the City of St. Louis is granted in part and denied in part, and the Motion to Dismiss by Defendant Trump is granted.

**Facts and Background**

For the purpose of the motions to dismiss, Plaintiff's allegations are taken as true. The essential facts alleged in the FAC are as follows:

On March 11, 2016 Plaintiff attended a campaign rally for then-presidential candidate Donald J. Trump, held at the Peabody Opera House. Brown was not a supporter of Trump. During the course of the rally, Brown was removed by the Defendant police officers and arrested for general peace disturbance. On April 6, 2016, the City of St. Louis filed formal charges against Brown for peace disturbance under Section 15.46.030 of the St. Louis City Municipal Ordinance Code. Brown was acquitted of all charges on September 18, 2017.

Count I of the FAC alleges Unlawful Seizure/False Arrest pursuant to 42 U.S.C. §1983 against all individual Defendants. Count II alleges Malicious Prosecution pursuant to 42 U.S.C. §1983 against all individual Defendants. Count III alleges Conspiracy to Violate Plaintiff's Civil Rights under §1983. Count IV alleges Retaliation for Exercise of First Amendment Rights in Violation of First and Fourteenth Amendments pursuant to the U.S. Constitution and §1983. Count

V alleges a *Monell* claim for Violations of First, Fourth, and Fourteenth Amendments to the Constitution and §1983. Count VI alleges False Arrest under Missouri law. Count VII alleges Malicious Prosecution under Missouri law. Count VIII alleges Retaliation for Exercise of Freedom of Speech and Right to Peaceable Assembly in Violation of Article I, Section 8 and 9 of the Missouri Constitution.

## Standard of Review

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing the litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Willaims*, 490 U.S. 319, 326-27 (1989)). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly,* 550 U.S. 544, 570 (2007)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not be enough. *Iqbal*, 556 U.S. at 678.

## Discussion

**Count III-Conspiracy to Violate Civil Rights**

Plaintiff claims that the Defendant Officers and Trump are liable under 42 U.S.C §1983 for conspiracy. Plaintiff alleges that they conspired in his arrest, charge, and prosecution. To prove a conspiracy claim, a plaintiff must show: (1) that the defendant conspired with others to deprive him of his constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff. *White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008) citing *Askew v. Millerd*, F.3d 953, 957 (8th Cir. 1999).

Plaintiff argues that he has alleged sufficient facts to satisfy each of the elements of a §1983 conspiracy claim against all individual defendants. The existence of a civil conspiracy requires plaintiff to proffer "evidence of specific facts that show a 'meeting of minds' among conspirators." *Barstad v. Murray*, 420 F.3d 880, 887 (8th Cir. 2005). There must be enough facts "to suggest the defendants reached some understanding to violate constitutional rights." *City of Omaha Emps. Bettermen Ass'n v. City of Omaha*, 883 F. 2d 650, 652 (8th Cir. 1989). The FAC fails to allege how Defendant Officers and Defendant Trump reached a "meeting of the minds" in order to violate the constitutional rights of Plaintiff. In reference to Plaintiff, Defendant Trump uttered the phrase "Get him out of here!" and motioned for Plaintiff to be removed from the premises. Plaintiff

was removed from the premises. The pleading fails to set out how then-candidate Trump, a non-state actor, would have control over municipal violations. The FAC fails to show how Defendant Trump, with his request for removal of Plaintiff, and accomplished by Defendant Officers Boettigheimer and Korte, was in conspiracy with the other named Defendants to ultimately lead to an arrest and prosecution with the goal of depriving Plaintiff of his constitutional rights.

The allegations alleged in Count III of the First Amended Complaint are insufficient to support a claim of civil conspiracy under 42 U.S.C. §1983. Count III will be dismissed.

**Count V-*Monell* Claim for First, Fourth, Fourteenth Amendment Violations**

Plaintiff claims that the City of St. Louis is liable under §1983 for violating his constitutional rights by maintaining, condoning, and being deliberately indifferent to unconstitutional policies, customs and practices of the St. Louis Metropolitan Police Department. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1978); *City of Canton v. Harris,* 489 U.S. 378, 384 (1989).

The first inquiry in any case alleging municipal liability under §1983 is the question of "whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris,* 489 U.S. 378, 385 (1989). A plaintiff seeking to impose liability on a municipality is required to identify either an official policy or a widespread custom or practice that

was the moving force behind the plaintiff's constitutional injury. *Crawford v. Van Buren County, Ark.*, 678 F. 3d 666,669 (8th Cir. 2012).

An official policy represents the decisions of a municipality's legislative body, or of an official who maintains the final authority to establish governmental policies. *Board of County Comm'rs of Bryan County, Okla. V. Brown*, 520 U.S. 397, 403 (1997). An unconstitutional governmental policy can be "inferred from a single decision taken by the highest officials responsible for setting policy in that area of the government's business." *City of St. Louis v. Praprotnik*, 485 U.S. 112,123 (1988).

A city custom, unlike a policy, does not need formal approval from decision making authorities. To prove that a municipal custom exists, a plaintiff must show: (1) the existence of a continuing, wide spread, persistent pattern of unconstitutional misconduct by the governmental entity's employers; (2) deliberate indifference to or tacit authorization of such conduct by the government entity's policy making officials after notice to the officials of that misconduct; and (3) the plaintiff's injury by acts pursuant to the governmental entity's custom. *Ware v. Jackson City, Mo.*, 150 F.3d 873,880 (8th Cir. 1998).

Plaintiff's *Monell* claim alleges two main specific issues. The first issue being that the St. Louis Metropolitan Police Department has a policy or custom of arresting activists in retaliation of exercising their first amendment rights. Plaintiff

6

asserts that this policy or custom aided in violating his constitutional rights. The second is that City has a policy or custom of not dropping ordinance violation charges even when they are not supported by probable cause. Plaintiff asserts that this "no drop" policy or custom aided in violating his constitutional rights because it amounted to malicious prosecution.

On the issue of police retaliation, Plaintiff fails to plead sufficient facts to state an unconstitutional governmental policy. However, Plaintiff has laid out enough facts to find it plausible that there could be a custom of police retaliation sufficient to support *Monell* liability. Plaintiff's FAC outlines various instances of possible retaliatory police action perpetrated by the SLMPD. Therefore, the Motion to Dismiss, regarding this issue, is denied.

On the issue of a city-wide "no drop" policy for municipal ordinance violations, Plaintiff fails to plead sufficient facts to support a claim for *Monell* liability. Plaintiff's FAC does not go beyond pleading conclusory statements that there *is* a "no drop" policy and that this policy violated his constitutional rights. On this issue, Plaintiff fails to meet the pleading standards laid out in *Iqbal. Iqbal*, 556 U.S. at 678.   Therefore, on this issue, the Motion to Dismiss is granted.

For the reasons set forth above, Defendant City of St. Louis' Motion to Dismiss Count V is granted in part and denied in part.

**Defendant Donald J. Trumps Motion to Dismiss**

Defendant Trump moves to dismiss Plaintiff's FAC in its entirety. Of the eight counts alleged in the FAC, seven have been brought against Defendant Trump. Counts I-IV are for section 1983 claims: (1) unlawful seizure/false arrest, (2) malicious prosecution, (3) conspiracy to violate civil rights, and (4) retaliatory arrest. Counts VI-VIII are state law claims for (1) false arrest, (2) malicious prosecution, and (3) retaliatory arrest. For the reasons set forth below, all individual counts against Defendant Trump will be dismissed.

To bring a claim under §1983 for a violation of constitutional rights, a plaintiff must show that the defendant is a state actor. Plaintiff contends that because Defendant Trump was a public figure and because the statement "Get him out of here!" was a command to the SLMPD to remove Plaintiff, he is a considered a state actor. This contention fails. At the time of this incident, Defendant Trump was a widely recognized figure for reasons even beyond his presidential candidacy. However, being a public figure does not automatically make one a state actor. Trump did not hold any position within, or on behalf of any of the United States of America. He did not hold any position that would allow him to act "under the color of any statute…of any State." *West v. Atkins*, 487 U.S. 42, 48 (1988); *United States v. Price*, 383 U.S. 787, 794 n.7 (1966). Section 1983 does not apply to public figures. Therefore, Defendant's Motion to Dismiss claims under §1983 will be granted.

Turning to the state law claims against Defendant Trump, Plaintiff asserts claims of false arrest, malicious persecution, and retaliation for exercise of freedom of speech and right to assembly. Plaintiff argues that Defendant Trump's call for Plaintiff's removal was understood as an order to arrest and charge Plaintiff, but Plaintiff does not offer any facts to support this argument. Further, Plaintiff alleges that Defendant Trump is guilty of retaliation because he conspired with the Defendant Officers to deprive Plaintiff of his rights. As noted previously, Plaintiff does not plead sufficient facts to satisfy the elements of conspiracy. Therefore, a conspiracy claim between Defendant Officers and Trump cannot be made and the argument of retaliation via conspiracy fails. Plaintiff fails to move beyond conclusory allegations and does not "plead sufficient facts to make a claim of relief plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Accordingly, Defendant's Motion to Dismiss state law claimswill be granted.

For the reasons stated above, Defendant Trump's Motion to Dismiss will be granted in its entirety.

**Conclusion**

Based upon the foregoing analysis, Defendant Officers' Motion to Dismiss Court III will be granted, Defendant City of St. Louis Motion to Dismiss Count V will be granted in part and denied in part, and Defendant Donald J. Trump's Motion to Dismiss FAC will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant City of St. Louis Motion to Dismiss Count V [Doc. No. 27] is **granted in part** and **denied in part**.

**IT IS FURTHER ORDERED** that Defendants Matthew Boettigheimer, Joseph Steiger, Steven Korte, and Phil Harden's Motion to Dismiss Count III [Doc. No. 29] is **granted**.

**IT IS FURTHER ORDERED** that Defendant Trump's Motion to Dismiss [Doc. No. 40] will be **granted**.

Dated this 12th day of March, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE