# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RODNEY BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. 4:18-CV-389 |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| DONALD J. TRUMP, *et al.* ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ANSWER OF DEFENDANT CITY OF ST. LOUIS
## TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Defendant City of St. Louis ("City"), by and through undersigned counsel, and for his Answer to Plaintiff's First Amended Complaint ("Complaint") denies everything not specifically admitted and in particular states to the Court the following:

1. In response to paragraph 1, Defendant admits only that Plaintiff's Complaint purports to assert claims pursuant to 42 U.S.C. § 1983 but otherwise denies any genuine, valid or legitimate claim for damages or injunctive relief as stated or alleged in paragraph 1 or in the Complaint.

2. Defendant admits only that Plaintiff was charged with peace disturbance in violation of Section 15.46.030 of the City of St. Louis Revised Code in connection with his conduct at a campaign rally on March 11, 2016 for then presidential candidate Donald J. Trump ("Trump"). Defendant further admits that Plaintiff was acquitted of the peace disturbance charge. Defendant otherwise denies the remaining allegations in paragraph 2.

Exhibit A

## PARTIES

3. Defendant admits only that Plaintiff is over eighteen years of age.  Defendant is without sufficient information with which to admit or deny the remaining allegations in paragraph 3 and therefore denies same.

4. Defendant admits only that Defendant Donald J. Trump ("Trump") is the former host of a reality television game show, is the current President of the United States, and was a candidate for President in March of 2016. Defendant further admits that Plaintiff's Complaint purports to sue Donald J. Trump in his individual capacity. Defendant is without sufficient information with which to admit or deny the remaining allegations in paragraph 4 and therefore denies same.

5. Defendant admits only that the City of St. Louis ("City") is a constitutional charter city created and organized pursuant to the Missouri Constitution and the laws of the State of Missouri. Defendant further admits that the City oversees various agencies and departments, including the City of St. Louis Police Department ("Police Department"). Defendant otherwise denies the allegations in paragraph 5.

6. Defendant admits that Matthew Boettigheimer was an employee of the St. Louis Police Department on March 11, 2016.  Defendant further admits that Boettigheimer arrested Rodney Brown for a peace disturbance violation at the Peabody Opera House on March 11, 2016.  Defendant further admits that Boettigheimer was acting under color of law and within the scope of his employment with the City.  Defendant further admits that Plaintiff's Complaint purports to assert a claim against Boettigheimer in his individual capacity. Defendant otherwise denies the allegations in paragraph 6.

7. Defendant admits that Joseph Steiger ("Steiger") was an employee of the St. Louis Police Department on March 11, 2016.  Defendant further admits that Steiger wrote the incident report related to Plaintiff's arrest on March 11, 2016 at the Peabody Opera House.  Defendant further admits that Steiger is currently employed with St. Louis County.  Defendant further admits that Steiger was acting under color of law and within the scope of his employment with the City on March 11, 2016.  Defendant further admits that Plaintiff's Complaint purports to assert a claim against Steiger in his individual capacity.  Defendant otherwise denies the allegations in paragraph 7.

8. Defendant admits only that he was an employee of the St. Louis Police Department on March 11, 2016.  Defendant further admits that he assisted with Plaintiff's arrest on March 11, 2016 at the Peabody Opera House.  Defendant further admits that he was acting under color of law and within the scope of his employment with the City on March 11, 2016.  Defendant further admits that Plaintiff's Complaint purports to assert a claim against him in his individual capacity.  Defendant otherwise denies the remaining allegations in paragraph 8.

9. Defendant admits only that Phil Harden ("Harden") was an employee of the St. Louis Police Department on March 11, 2016 and assisted with transporting arrestees from the Peabody Opera House during the Trump campaign rally on March 11, 2016.  Defendant further admits that Harden was acting under color of law and within the scope of his employment with the City on March 11, 2016.  Defendant further admits that Plaintiff's Complaint purports to assert a claim against Harden in his individual capacity. Defendant otherwise denies the allegations in paragraph 9.

10. Defendant is without sufficient information with which to admit or deny the allegations in paragraph 10 and therefore denies same.

11. Defendant admits only that the Complaint purports to refer to Boettigheimer, Steiger, Korte, Harden, and Does 1-3 as the "SLMPD Defendants" and Boettigheimer, Steiger, Korte, Harden, Does 1-3, and Trump as the "Individual Defendants." Defendant expressly denies any genuine, valid or legitimate claim for damages or injunctive relief as stated or alleged in paragraph 11 or in the Complaint.

## JURISDICTION AND VENUE

12. In response to paragraph 12, Defendant admits only that Plaintiff invokes the jurisdiction of the Court but otherwise denies any genuine, valid or legitimate claim for damages as stated or alleged in Plaintiff's Complaint.

13. In response to paragraph 13, Defendant admits only that Plaintiff invokes the jurisdiction of the Court but otherwise denies any genuine, valid or legitimate claim for damages as stated or alleged in the Amended Complaint.

## FACTS

14. The allegations in paragraph 14 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are vague and indefinite, and Defendant therefore denies the allegations in paragraph 14.

15. Defendant is without sufficient information with which to admit or deny the allegations in paragraph 15 and therefore denies same.

16. Defendant is without sufficient information with which to admit or deny the allegations in paragraph 16 and therefore denies same.

17. Defendant is without sufficient information with which to admit or deny the allegations in paragraph 17 and therefore denies same.

18. Defendant is without sufficient information with which to admit or deny the allegations in paragraph 18 and therefore denies same.

19. Defendant is without sufficient information with which to admit or deny the allegations in paragraph 19 and therefore denies same.

20. Defendant is without sufficient information with which to admit or deny the allegations in paragraph 20 and therefore denies same.

21. Defendant is without sufficient information with which to admit or deny the allegations in paragraph 21 and therefore denies same.

22. Defendant admits only that Boettigheimer and Korte removed Plaintiff from the auditorium of the Peabody Opera House on March 11, 2016 after Plaintiff interrupted a Trump campaign event by making a loud and disruptive laughing noise and by becoming involved in a dispute with another attendee during the event.  Defendant otherwise denies the allegations in paragraph 22.

23. Defendant admits only that Plaintiff was an attendee at the Trump rally at the Peabody Opera House on March 11, 2016.  Defendant is without sufficient information with which to admit or deny the remaining allegations in paragraph 23 and therefore denies same.

24. Defendant admits the City Police Department had numerous officers assigned to the Trump rally at the Peabody Opera House on March 11, 2016.  Defendant admits that Exhibit A is a true and correct copy of the March 10, 2016 Intra-Departmental Report and Correspondence Sheet pertaining to the March 11, 2016 visit by Trump.

Defendant is without sufficient information with which to admit or deny the remaining allegations in paragraph 24 and therefore denies same.

25. Defendant denies the allegations in paragraph 25.

26. Defendant admits only that Boettigheimer and Korte were assigned to the interior of the Peabody Opera House during the Trump campaign rally on March 11, 2016. Defendant further admits that Harden assisted with transporting individuals arrested at the Trump campaign rally at the Peabody Opera House on March 11, 2016. Defendant is without sufficient information with which to admit or deny the remaining allegations in paragraph 26 and therefore denies same.

27. Defendant admits Steiger was not at the Peabody Opera House on March 11, 2016. Defendant admits Steiger was assigned to one of the mass arrest booking teams and was located at the Central Patrol Division at 919 N. Jefferson Ave. on March 11, 2016.  He further admits that Steiger wrote the incident report describing Plaintiff's arrest and the events leading up to Plaintiff's arrest.  Defendant denies the remaining allegations in paragraph 27.

28. Defendant denies the allegations in paragraph 28.

29. Defendant admits only that immediately prior to Plaintiff's arrest on March 11, 2016 that Plaintiff disrupted the Trump campaign event by laughing loudly and disruptively and by becoming involved in an argument with another individual. Defendant further admits that the crowd shouts and chants while Plaintiff is engaged in the argument and that Trump states, "Get him out of here. Get him out. Get him out of here."  Unless expressly admitted herein, Defendant denies the remaining allegations in paragraph 29.

30. Defendant denies the allegations in paragraph 30.

31. Defendant is without sufficient information with which to admit or deny the allegations in paragraph 31.

32. Defendant admits only that following the disruption by Plaintiff, Boettigheimer and Korte escorted Plaintiff from the auditorium of the Peabody Opera House, and Korte removed personal property from Plaintiff. Defendant further admits that Plaintiff was placed under arrest for a peace disturbance violation and that portions of his arrest were video recorded. Defendant denies the remaining allegations in paragraph 32.

33. Defendant admits only that on March 11, 2016 Harden assisted with the transportation of individuals arrested at the Peabody Opera House during the Trump rally and that a portion of Plaintiff's arrest was recorded by City police officers. Defendant is without sufficient information with which to admit or deny the remaining allegations in paragraph 33.

34. Defendant admits only that Plaintiff was photographed and processed by City police officers and later released. Defendant otherwise denies the remaining allegations in paragraph 34.

35. Defendant admits only that approximately 30 individuals were arrested at or near the Trump rally at the Peabody Opera House on March 11, 2016 and that these individuals were photographed and charged with general peace disturbance violations. Defendant otherwise denies the allegations in paragraph 35.

36. Defendant admits only that on April 6, 2016 the City Counselor's Office filed an Information in the St. Louis Municipal Division of the 22nd Judicial Circuit Court alleging that on March 11, 2016 Plaintiff violated Section 15.46.030 of the Revised

Code of the City of St. Louis ("City Code"). Defendant otherwise denies the remaining allegations in paragraph 36.

37. Defendant admits only that Section 15.46.030 of the City Code speaks for itself. Defendant otherwise denies the allegations in paragraph 37.

38. The allegations in paragraph 38 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 38.

39. Defendant denies the allegations in paragraph 39.

40. Defendant admits only that Exhibit B is a true and accurate copy of the Information charging Plaintiff with a violation of Section 15.46.030 of the City Code that was filed by the City Counselor's Office on April 6, 2016. Defendant further admits that Exhibit C is a true and accurate copy of the Bill of Particulars that was filed by the City Counselor's Office and pertains to the March 11, 2016 peace disturbance charge issued against Plaintiff. Defendant further states that Exhibit B and Exhibit C and section 1.12.010 of the City Code speak for themselves. Defendant otherwise denies the allegations in paragraph 40.

41. Defendant denies the allegations in paragraph 41.

42. Defendant denies the allegations in paragraph 42.

43. Defendant denies the allegations in paragraph 43.

44. Defendant admits the allegations in paragraph 44.

45. In response to paragraph 45, Defendant admits that Exhibit D is a true and accurate copy of Judge Newton McCoy's judgment and further answering states that this

document speaks for itself. Defendant otherwise denies the allegations in paragraph 45.

46. Defendant denies the allegations in paragraph 46.

47. Defendant admits that on September 15, 2017 Missouri Circuit Judge Timothy Wilson acquitted Jason Stockley of first-degree murder in the shooting death of Anthony Lamar Smith. Defendant further admits that in response to Judge Wilson's ruling protest activity occurred across the City and throughout the metropolitan area. Defendant is without sufficient information with which to admit or deny the allegations in paragraph 47.

48. Defendant denies the allegations in paragraph 48.

49. Defendant denies the allegations in paragraph 49.

50. Defendant admits that the City was named a defendant in the lawsuit styled *Ahmad, et al. v. City of St. Louis, Missouri*, No. 4:17-cv-2455. Defendant further admits that on November 15, 2017 District Court Judge Catherine Perry issued a Memorandum and Order of Preliminary Injunction (ECF Doc. 57) and an Order of Preliminary Injunction (ECF Doc. 58) and that those documents speak for themselves. Defendant further admits that the City was named a defendant in the lawsuit styled *Drew E. Burbridge, et al. v. City of St. Louis, et al.*, Cause no. 4:17-CV-2482-RLW and that the complaint filed in that case speaks for itself. Unless expressly admitted herein, Defendant otherwise denies the allegations in paragraph 50.

51. Defendant denies the allegations in paragraph 51.

52. Defendant denies the allegations in paragraph 52.

53. Defendant is without sufficient information with which to admit or deny the allegations in paragraph 53.

54. Defendant denies the allegations in paragraph 54.

55. Defendant denies the allegations in paragraph 55.

## COUNT I

56. Paragraph 56 asserts not allegations of fact, requiring no response. To the extent a response is required, denied.

57. Defendant denies the allegations in paragraph 57.

58. Defendant denies the allegations in paragraph 58.

59. Defendant denies the allegations in paragraph 59.

60. Defendant denies the allegations in paragraph 60.

61. Defendant denies the allegations in paragraph 61.

62. Defendant denies the allegations in paragraph 62.

## COUNT II

63. Paragraph 63 asserts not allegations of fact, requiring no response. To the extent a response is required, denied.

64. Defendant admits only that Plaintiff was charged with a violation of Section 15.46.030 of the Revised City Code and that Boettigheimer and Steiger are identified as witnesses in the Information. Defendant further admits that Korte assisted with Plaintiff's arrest and Harden assisted with transporting arrestees from the Peabody Opera House during the Trump campaign rally. Defendant otherwise denies the remaining allegations in paragraph 64.

65. Defendant denies the allegations in paragraph 65.

66. Defendant denies the allegations in paragraph 66.

67. Defendant denies the allegations in paragraph 67.

68. Defendant denies the allegations in paragraph 68.

69. Defendant admits that on September 18, 2017 Plaintiff was acquitted of the charge of peace disturbance under section 15.46.030 of the City Code. Defendant otherwise denies the allegations in paragraph 69.

70. Defendant denies the allegations in paragraph 70.

71. Defendant denies the allegations in paragraph 71.

## COUNT III

On March 12, 2019, Count III was dismissed. (*See* Doc. 55)

## COUNT IV

77. Paragraph 77 asserts not allegations of fact, requiring no response. To the extent a response is required, denied Defendant denies the allegations in paragraph 77.

78. Defendant denies the allegations in paragraph 78.

79. Defendant denies the allegations in paragraph 79.

80. Defendant denies the allegations in paragraph 80.

81. Defendant denies the allegations in paragraph 81.

82. Defendant denies the allegations in paragraph 82.

83. Defendant denies the allegations in paragraph 83.

84. Defendant denies the allegations in paragraph 84.

85. Defendant denies the allegations in paragraph 85.

86. Defendant denies the allegations in paragraph 86.

## COUNT V

87. Paragraph 87 asserts not allegations of fact, requiring no response. To the extent a response is required, denied Defendant denies the allegations in paragraph 87.

88. Defendant denies the allegations in paragraph 88.

89. Defendant denies the allegations in paragraph 89.

90. Defendant denies the allegations in paragraph 90.

91. Defendant denies the allegations in paragraph 91.

92. Defendant denies the allegations in paragraph 92.

93. Defendant denies the allegations in paragraph 93.

## COUNT VI

94. Paragraph 94 asserts not allegations of fact, requiring no response. To the extent a response is required, denied Defendant denies the allegations in paragraph 94.

95. Defendant denies the allegations in paragraph 95.

96. Defendant denies the allegations in paragraph 96.

97. Defendant denies the allegations in paragraph 97.

98. Defendant denies the allegations in paragraph 98.

99. Defendant denies the allegations in paragraph 99.

## COUNT VII

100. Paragraph 100 asserts not allegations of fact, requiring no response. To the extent a response is required, denied Defendant denies the allegations in paragraph 100.

101. Defendant denies the allegations in paragraph 101.

102. Defendant denies the allegations in paragraph 102.

103. Defendant denies the allegations in paragraph 103.

104. Defendant denies the allegations in paragraph 104.

105. In response to paragraph 105, Defendant admits that Exhibit D is a true and accurate copy of Judge Newton McCoy's judgment and further answering states that this document speaks for itself.  Defendant admits that Plaintiff was acquitted of the charge of peace disturbance under 15.46.030 of the City Code.  Defendant otherwise denies the allegations in paragraph 105.

106. Defendant denies the allegations in paragraph 106.

107. Defendant denies the allegations in paragraph 107.

## COUNT VIII

108. Paragraph 108 asserts not allegations of fact, requiring no response. To the extent a response is required, denied Defendant denies the allegations in paragraph 108.

109. Defendant denies the allegations in paragraph 109.

110. Defendant denies the allegations in paragraph 110.

111. Defendant denies the allegations in paragraph 111.

112. Defendant denies the allegations in paragraph 112.

113. Defendant denies the allegations in paragraph 113.

114. Defendant denies the allegations in paragraph 114.

115. Defendant denies the allegations in paragraph 115.

116. Defendant denies the allegations in paragraph 116.

## AFFIRMATIVE DEFENSES

For further answer and defense, Defendant affirmatively defends based on the following:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted because arguable probable cause existed for Plaintiff's arrest on March 11, 2016.

2. Plaintiff's claims for violation of state law against Defendant City are barred by sovereign immunity.

3. Plaintiff's state law claims are barred by the applicable statue of limitations.

4. Plaintiff's claims are barred by the doctrines of collateral estoppel and res judicata.

5. Defendant hereby reserves the right to assert any affirmative defense to Plaintiff's Complaint that may arise pursuant to discovery and throughout the course of litigation of Plaintiff's claims.

WHEREFORE, having fully answered Plaintiff's First Amended Complaint, Defendant Steven Korte prays an Order from the Court dismissing him from suit with prejudice, together with an award of Defendant's taxable court costs and reasonable attorney's fees expended herein, and for such further and other relief that the Court deems fair and equitable under the premises.

> JULIAN BUSH
> CITY COUNSELOR
>
> By: */s/ Brandon Laird*
> Brandon Laird
> Assistant City Counselor
> Mo Bar No. #65564
> City Hall
> 1200 Market Street, Room 314
> St. Louis, Mo  63103
> (314) 622-3361
> (314) 622-4956 fax
> lairdb@stlouis-mo.gov
> *Attorney for Defendants City of St. Louis*

## CERTIFICATE OF SERVICE

      I hereby certify this Entry was electronically filed on this 12th day of July 2019 with the Court for service by means of Notice of Electronic Filing upon all attorneys of record.

                                                      */s/ Brandon Laird*
                                                      Brandon Laird
                                                      Associate City Counselor