UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RODNEY BROWN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:18-cv-389-HEA ) |
| DONALD J. TRUMP, et al., | ) ) |
| Defendants. | ) ) |

**MEMORANDUM IN SUPPORT OF MOTION
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiff Rodney Brown seeks leave to assert a second *Monell* claim against the City of St. Louis based on the same nucleus of facts already before this court, based on information gathered through discovery thus far.

**PROCEDURAL BACKGROUND**

Rodney Brown initiated this lawsuit on March 8, 2018 against Donald J. Trump, the City of St. Louis, and certain St. Louis Metropolitan Police Department (SLMPD) officers. The claims in the lawsuit stem from Rodney Brown's arrest on March 11, 2016 at a campaign rally for then-presidential candidate Trump, and his subsequent municipal prosecution. On April 17, 2018, Plaintiff filed a First Amended Complaint as of right. Doc. 22. The First Amended Complaint asserts eight counts, including a *Monell* claim for municipal liability against the City with respect to its custom and practice of arresting activists in retaliation for exercising their First Amendment rights. Although the First Amended Complaint contains some allegations about the City's failure to train SLMPD officers (Doc. 22 at ¶¶ 27 and 39), it does not contain a separate count for failure to train. While the parties' case management order has been amended multiple times, the deadline to amend pleadings (July 31, 2019) has not changed and passed before the case management order

1

was amended. However, discovery is open until December 31, 2020, and trial in this case is not until July 26, 2021. Doc. 82.

## ARGUMENT

Under the Federal Rules, leave to amend a complaint should be "freely given when justice so requires." FED. R. CIV. P. 15(a)(2). It is well established that, "[l]eave to amend should be freely granted unless there are compelling reasons" to deny it. *Alternate Fuels, Inc. v. Cabanas*, 538 F.3d 969, 974 (8th Cir. 2008). And, as the Supreme Court has explained,

> Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires; this mandate is to be heeded. *See generally*, 3 Moore, Federal Practice (2d ed. 1948), 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). In light of this guidance, the Eighth Circuit has held that, "[a] court abuses its discretion when it denies a motion to amend a complaint unless there exists undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008).

Here, leave is warranted to add a failure to train claim. Both Plaintiff's initial Complaint and his First Amended Complaint contain allegations about two of the City's policies and customs: (1) arresting individuals in retaliation for exercising their First Amendment right, and (2) arresting

2

individuals for speech allegedly in violation of the City's general peace disturbance ordinance absent "fighting words" and without probable cause. Discovery has revealed additional facts which support a separate *Monell* claim against the City for its failure to train SLMPD officers.

None of the compelling reasons the Eighth Circuit and the Supreme Court articulated are present here. Rodney Brown does not bring this motion as a result of any "repeated failure to cure deficiencies by amendments previously allowed." *Foman*, 371 U.S. at 18. It is not made in bad faith. Granting leave to amend will not unduly delay the action since the new claim relates to the same nucleus of operative facts. And there is no undue delay in bringing this motion: due in part due to delays as a result of the COVID-19 pandemic, depositions of the designated representatives of the City of St. Louis did not commence until June 23, 2020, and are ongoing.[1] Plaintiff brings this motion in good faith and as soon as practicable after finding the new evidence.

Finally, while the proposed Second Amended Complaint, attached hereto as **Exhibit 1**, sets forth a new claim for relief against the City of St. Louis, this new Count VIII is based on the same nucleus of facts as both the initial Complaint and First Amended Complaint, *i.e.*, Defendants' retaliation against individuals for engagement in activity protected by the First Amendment.[2]

WHEREFORE, for the foregoing reasons, Plaintiff Rodney Brown respectfully requests that this Court enter an order granting Plaintiff leave to file the Second Amended Complaint attached hereto as **Exhibit 1**, and such other relief as is just and appropriate.

---

[1] A motion for protective order as to certain 30(b)(6) topics is pending. *See* Doc. 84-85.
[2] The proposed Second Amended Complaint also removes the three John Doe defendants and defendant Trump, as well as the conspiracy count (prior Count III), in order to align with the Court's March 12, 2019 order (Doc. 55).

3

Dated: August 3, 2020

Respectfully submitted,

RODERICK AND SOLANGE
MACARTHUR JUSTICE CENTER

By: /s/ Amy E. Breihan
Amy E. Breihan, #65499MO
Megan G. Crane, #71624MO
W. Patrick Mobley, #63636MO
3115 South Grand Blvd., Suite 300
St. Louis, MO 63118
Phone: (314) 254-8540
Fax: (314) 254-8547
amy.breihan@macarthurjustice.org
megan.crane@macarthurjustice.org
pat.mobley@macarthurjustice.org

*Attorneys for Plaintiff Rodney Brown*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of August, 2020, a true and correct copy of the foregoing was filed electronically using the Court's online case filing system, which will send notice to all counsel of record.

By: /s/ Amy Breihan

4