# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RODNEY BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:18-cv-389 MTS |
| | ) | |
| DONALD J. TRUMP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint. Though more than the allotted time has passed, no Defendant filed any response. For the reasons explained below, the Court will grant the Motion.

Plaintiff filed this Motion prior to the reassignment of this case to the undersigned.[1] Upon review of the docket, it appears that at the time Plaintiff filed his Motion for Leave that the Third Amended Case Management Order, Doc. [82], was in effect. That Order provided that "[a]ll motions for joinder of additional parties or amendment of pleadings shall be filed no later than July 31, 2019." Thus, Plaintiff's Motion for Leave to File a Second Amended Complaint implicates "both Rule 15(a) and Rule 16(b)." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 115 (8th Cir. 2008).

Plaintiff's Motion to Amend, however, addresses only Rule 15. "Rule 15(a) governs the pretrial amendment of pleadings and states that where an amendment is not sought 'as a matter of course'—as defined by the Rule—'a party may amend its pleading only with the opposing party's written consent or the court's leave.'" *Id.* (quoting Fed. R. Civ. P. 15(a)(2)). Rule 16(b),

---

[1] The case previously had been assigned to The Honorable Henry Edward Autrey, District Judge.

on the other hand, requires that scheduling orders "be modified *only for good cause* and with the judge's consent." Fed. R. Civ. P. 16(b)(4) (emphasis added). The Eighth Circuit has ruled that "in cases in which the deadline to amend pleadings has past," then "the primacy of Rule 16(b) over Rule 15(a)" establishes that the "good cause" standard applies. *Sherman*, 532 F.3d at 715–16 (citing *Fin. Holding Corp. v. Garnac Grain Co.*, 127 F.R.D. 165, 165–66 (W.D. Mo. 1989)). Though Plaintiff did not analyze it in this way, the Court will determine whether Plaintiff has demonstrated "good cause."

On May 1, 2020, the parties in this case jointly sought to modify the case management order for a third time to extend many of the deadlines—including moving the discovery deadline from October 30, 2020 to December 31, 2020 and the deadline to file any dispositive motions from December 14, 2020 to February 12, 2021. Both parties noted that the "COVID-19 pandemic has presented logistical challenges which have caused inevitable delay in the completion of written discovery and depositions." Doc. [80]. They did not seek to change the long-passed deadline regarding amendment of pleadings. Four months later, Plaintiff made the Motion currently before the Court seeking to amend the Complaint.

In his memorandum in support, Plaintiff states that "[d]iscovery has revealed additional facts which support a separate *Monell* claim against the City for its failure to train SLMPD officers." Plaintiff states that depositions of the City of St. Louis representatives did not commence until June 23, 2020, due in part to delays related to the COVID-19 pandemic. Plaintiff adds that he filed this Motion to Amend "as soon as practicable after finding the new evidence." Doc. [89]. Since no Defendant opposed—or even responded to—Plaintiff's Motion to Amend, the Court accepts these representations from Plaintiff.

The principal measurement of good cause is "the movant's diligence in attempting to meet the order's requirements." *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006), *abrogated on other grounds by Avichail ex rel. T.A. v. St. John's Mercy Health Sys.*, 686 F.3d 548, 552 (8th Cir. 2012). Since the parties had good cause to prolong discovery multiple times due in large part to the COVID-19 pandemic, and Plaintiff represents that he brought his Motion to Amend as soon as practicable after finding the new evidence during discovery, the Court concludes—absent any argument by the opposing parties to the contrary[2]—that Defendant has demonstrated "good cause."

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Leave to File Second Amended Complaint, Doc. [88], is **GRANTED**. Plaintiff may file the Second Amended Complaint, Doc. [89-1].

Dated this 6th day of November, 2020.

  
_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[2] A secondary measure of good cause is "prejudice to the nonmovant resulting from modification of the scheduling order." *Sherman*, 532 F.3d at 717. The burden of proving prejudice lies with the party opposing the motion." *Lillibridge v. Nautilus Ins. Co.*, No. CIV. 10-4105-KES, 2013 WL 870439, at *6 (D.S.D. Mar. 7, 2013) (citing *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001). Since no party opposed the Motion, this secondary measure is not applicable here. Nevertheless, the Court notes that nearly sixty days remain before the close of discovery.